Borg Warner International Corp., peticionaria, *v.* Tribunal Superior de Puerto Rico, Sala de San Juan, Hon. Domingo Raffucci, Juez, demandado; Eliezer Echevarría, interventor.

*Número:* O-70-108          *Resuelto:* 5 de marzo de 1971

*Robert E. Schneider, Jr.,* y *Antonio Monroig Malatrasi,* abogados de la peticionaria; *Luis E. García Benítez* y *Raúl E. González Díaz,* abogados del interventor.

PER CURIAM: Se trata de una acción en cobro de dinero. La demandante, quien vende enseres eléctricos del hogar, alega que depositó mercancía en consignación con su demandado, quien operaba dos mueblerías, para la venta al detal de dicha mercancía y que el demandado vendió parte de la misma y adeuda por ese concepto $17,000.00 a la demandante. La demandante aseguró la sentencia que pudiese recaer contra el demandado embargando la existencia que el demandado tenía en las dos mueblerías, en Arecibo y en Manatí y embargándole dos pequeños solares urbanos sitos en Manatí y un subarrendamiento de un local en Manatí cuyo canon mensual era de $125.00. Previa estipulación al efecto de las partes, la demandante también obtuvo permiso del tribunal para recobrar la mercancía (neveras, lavadoras, cocinas, televisores, etc.) que estaba depositada en consignación en las mueblerías del demandado, cuya mercancía por ser propiedad de la demandante no era objeto del embargo.

El demandado en su contestación negó la deuda y las otras alegaciones materiales de la demanda, alegó como defensa afirmativa que pagó a la demandante todo lo que a ésta le pertenecía por concepto de las ventas a que se refiere la demanda y estableció una reconvención por dos partidas de $8,000.00 y $3,000.00 que alega que la demandante le debe y por dos partidas de $50,000.00 cada una en concepto de daños y perjuicios causados a él y a su esposa e hijos. Por su parte, la demandante contestó negando las alegaciones hechas por el demandado en su reconvención.

Luego de trámites y de señalamientos y posposiciones que no es necesario relatar, surge de la minuta del tribunal de instancia de 17 de octubre de 1967, que a solicitud de ambas partes se dejó sin efecto el señalamiento hecho para dicho día y se concedió a aquellas un plazo de 30 días para llevar a

cabo conversaciones que posiblemente culminasen en una transacción del pleito. Proveyó el tribunal que para en caso de que dichas conversaciones no produjesen una transacción, se señalaba una conferencia con antelación al juicio para el 21 de noviembre de 1967. También dispuso el tribunal, según reza la minuta, que en caso de no haber transacción las partes debían concurrir preparadas para someter los nombres de comisionados especiales que pudiesen atender el caso ya que las partes estimaban que la vista del mismo se tomaría alrededor de un mes.

De la minuta del tribunal de 27 de febrero de 1968 surge que a la vista señalada para ese día comparecieron los abogados de las partes y estipularon que se nombrase a un Comisionado Especial y a esos efectos sometieron al tribunal cuatro nombres. La minuta expresa que el tribunal "aprueba la estipulación y nombrará al Lcdo. R. López de Victoria, Comisionado Especial en este caso, sujeto a su aprobación, digo, aceptación."

Varios días más tarde, en 5 de marzo de 1968, el Lcdo. López de Victoria le escribe al juez que él (López de Victoria) "estaría dispuesto a aceptar la encomienda de Comisionado mediante el pago de $5,000.00 de honorarios, los cuales espero las partes interesadas consignen en el Tribunal."

En 18 de septiembre de 1968 el demandado presentó una moción expresando (1) que desde el día 5 de marzo el Lcdo. López de Victoria aceptó ser Comisionado Especial mediante el pago de $5,000.00 de honorarios, los cuales solicitó que fuesen consignados en el tribunal y (2) que en caso del nombramiento del Comisionado y en atención a que el demandado no contaba con fondos suficientes, se acordó que la demandante pagaría los honorarios del Comisionado Especial, sujeto a que en caso de que recayese sentencia a favor del demandado, entonces se descontaría la mitad de dichos honorarios de la suma que finalmente la demandante viniese obligada a pagar al demandado. Solicitó en dicha moción que se

ordenase la consignación en el tribunal por la demandante de los $5,000.00 de honorarios del Comisionado.

En 29 de octubre de 1968 el Tribunal Superior dictó la siguiente orden:

"Se ordena a la parte demandante consignar en la Secretaría del Tribunal la suma de $5,000.00 por concepto de honorarios del comisionado especial, a fin de proceder el tribunal a su designación formal. Notifíquese."

Dictada dicha orden la demandante guardó silencio. Mes y medio más tarde, en 18 de diciembre de 1968, el demandado presentó una moción solicitando sanciones contra la demandante por no haber ésta consignado la mencionada suma ni por haber mostrado causa alguna por la cual se le debía eximir de ello.

En 28 de enero de 1969 el tribunal dictó una orden apercibiendo a la demandante que de no cumplir ésta dentro del término de treinta días con la orden de 29 de octubre se procedería a aplicarle sanciones. Casi dos meses después, en 25 de marzo de 1969, el demandado volvió a solicitar sanciones basándose en que a esa fecha la demandante todavía no había cumplido con la orden del tribunal de 29 de octubre de 1968 —la que ordenaba la consignación de los honorarios del Comisionado.

En vista de lo anterior el tribunal, en 30 de junio de 1969, dictó una sentencia parcial en la cual relaciona el historial que antes hemos reseñado y ordenó lo siguiente:

"Se ordena, en consecuencia, la desestimación de la demanda, la eliminación de sus alegaciones y anotación de rebeldía en cuanto a la reconvención, y el señalamiento de vista en rebeldía en calendario de viernes en esta Sala. Notifíquese."

En 23 de julio de 1969 la demandante presentó una moción de reconsideración solicitando que el tribunal reconsiderase su sentencia parcial del 30 de junio y que procediese a gestionar el nombramiento de un Comisionado con

honorarios más bajos, o en su defecto, que se considerase el caso en sus méritos. Argumentó la demandante en dicha moción de reconsideración que no estaba en condiciones de pagar $5,000.00 al Comisionado; que dicha suma es excesiva; y que no hubo acuerdo de que la parte demandante pagaría dicha suma al Comisionado.

En 24 de octubre de 1969, más de cinco años siete meses de presentada su demanda, la demandante presentó en el tribunal de instancia un Requerimiento de Admisiones de 11 párrafos.

Luego de varios señalamientos y posposiciones de la vista sobre la moción de reconsideración, se celebró la misma y el tribunal emitió una resolución declarando sin lugar dicha moción pero le concedió a la demandante un plazo final de 30 días para consignar los honorarios del Comisionado y expresó que si así lo hiciese se dejarían sin efecto las sanciones impuéstasle. De no hacerse así, quedaría firme la sentencia parcial del 30 de junio de 1969 antes mencionada. En 21 de abril de 1970 el demandado informó al tribunal que las partes no habían logrado ponerse de acuerdo con relación a la transacción del caso por no ser aceptable para él la proposición que le hiciera la demandante.

Expedimos un auto de *certiorari* en el cual se nos solicita que revoquemos la resolución del tribunal de instancia en cuanto requiere el depósito o pago por adelantado de los honorarios del Comisionado y en cuanto los fija en $5,000.00. Expedimos el auto ya que *prima facie* nos pareció excesiva la suma de $5,000.00 para honorarios del Comisionado en vista de que la suma reclamada en la demanda es de $17,000.00. Por otro lado, las partes están de acuerdo en que las cuentas a revisarse son voluminosas y en que el juicio podría tardar un mes o más. Sin embargo, al examinar minuciosamente los autos encontramos que la demandante fue negligente y temeraria al no tomar acción alguna ni recurrir al tribunal durante *nueve meses* en relación con la

orden de éste de 29 de octubre de 1968 sobre la consignación de los honorarios del Comisionado.

Mientras tanto el demandado solicitó varias veces la aplicación de sanciones a la demandante y también en el interín —en 28 de enero de 1969—el tribunal apercibió a la demandante de que se le aplicarían sanciones si no cumplía con la orden mencionada. No fue hasta el 23 de julio de 1969, expedida ya la sentencia parcial sobre el caso, que la demandante compareció al tribunal alegando que la suma es excesiva, que no hubo acuerdo sobre el particular y que si no se consigue un Comisionado que cobre menos que se vea el caso en los méritos.

Por esa razón—la temeridad de la demandante—no vamos a intervenir con la discreción ejercida por el tribunal de instancia al fijar dichos honorarios y al ordenarle a la demandante que los deposite. Pero en bien de la justicia—ya tardía —que debe hacérsele a las partes, vamos a relevar a la demandante de las sanciones impuéstasle por el tribunal de instancia mediante su sentencia parcial de 30 de junio de 1969 para que el caso pueda verse en sus méritos. Si la demandante cree que la suma fijada para honorarios es excesiva, recurra al tribunal de instancia sobre el particular, como lo debió haber hecho a tiempo.

*Se devolverá el caso al tribunal de instancia para procedimientos ulteriores consistentes con lo aquí resuelto.*

El Juez Asociado Señor Martínez Muñoz no intervino.